**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

DONTE POWER,

    Plaintiff,

v.                                                                                                  No. CV 20-782 KG/CG

GEO GROUP, et al.,

    Defendants.

**ORDER TO ANSWER AND
PROVIDE ADDRESSES FOR SERVICE**

**THIS MATTER** is before the Court on Mr. Power's *Amended Civil Rights Complaint* (the "Amended Complaint"), (Doc. 15), filed December 10, 2021. Mr. Power is incarcerated, appears *pro se,* and is proceeding *in forma pauperis*. He alleges he was exposed to toxic chemicals, including crystalline silica, during a paint grinding project and that prison officials were deliberately indifferent to his safety. *See* (Doc. 15). The Court, having reviewed the Amended Complaint and various other prisoner cases involving crystalline silica and lead paint exposure, finds the claims should be resolved after a *Martinez* investigation. Counsel for Defendant GEO Group has entered an appearance in this case and must file an answer by **January 14, 2022**. By the same deadline, Mr. Power must provide an address for service on the remaining Defendants: Raymond Smith, Terry Short, Dominic Vasquez, and Eddie Soloman. If Mr. Power fails to comply, the Court may dismiss all claims against those Defendants with prejudice and without further notice.

The Amended Complaint also purports to name John Doe Defendants. "[T]he onus [is] squarely on plaintiffs to track down the whereabouts of defendants" so that the

Court can "effectuate service, … even when the plaintiffs are in prison." *Washington v. Correia*, 546 Fed. App'x 786, 789 (10th Cir. 2013). However, courts have also "recognized the ability of a plaintiff to use unnamed defendants so long as the plaintiff provides an adequate description of some kind which is sufficient to identify the person involved so process eventually can be served." *Roper v. Grayson*, 81 F.3d 124, 126 (10th Cir. 1996). There is no clear answer in the case law on when John Doe defendants must be identified. The Tenth Circuit has affirmed the dismissal of such defendants on screening where the complaint lacked sufficient information to effectuate service, but it has also left open the possibility of permitting limited discovery and resolving the issue on summary judgment. *Compare Mayfield v. Presbyterian Hospital Administration*, 772 Fed. App'x 680, 686 (10th Cir. 2019) and *Ellis v. Oliver*, 714 Fed. App'x 847, 850 n. 1 (10th Cir. 2017).

Mr. Power must identify the John Doe Defendants within a reasonable time, and prior to any dispositive ruling on summary judgment. The Court is not responsible for taking any *sua sponte* action to track down John Doe Defendants. Mr. Power should file a separate motion seeking service on the John Doe Defendants, if and when he identifies them, and/or a separate motion seeking discovery, if necessary. If Mr. Power fails to successfully identify any John Doe Defendants and file a separate motion seeking Court-supplied service on those Defendants within a reasonable time, the Court may enter summary judgment dismissing all claims against the John Doe Defendants with prejudice.

**IT IS THEREFORE ORDERED** that by **January 14, 2022**, GEO Group shall file

an answer to the Amended Complaint, (Doc. 15).

**IT IS FURTHER ORDERED** that by **January 14, 2022**, Mr. Power must provide physical service addresses for Defendants Raymond Smith, Terry Short, Dominic Vasquez, and Eddie Soloman.

**IT IS SO ORDERED**.

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE