**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

DONTE POWER,

    Plaintiff,

v.                                        No. CV 20-782 KG/CG

GEO GROUP, et al.,

    Defendants.

## ORDER FOR *MARTINEZ* REPORT

**THIS MATTER** is before the Court on review of the record. Mr. Power alleges he was exposed to toxic chemicals, including crystalline silica, during a paint-grinding project, and that prison officials were deliberately indifferent to his safety. *See* (Doc. 15). Mr. Power alleges that Defendants have violated his rights under the Eighth Amendment of the Constitution. *Id.* at 1. He now seeks injunctive relief and money damages pursuant to § 1983, the Federal Clean Air Act, NMSA § 41-4-6 1978, and a claim of common law nuisance. *Id.*

Under *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978), Courts may order prison officials to investigate the incidents underlying a prisoner's lawsuit and then compile and file a report. The purpose of the *Martinez* Report is to ascertain whether there are any factual or legal bases for the prisoner's claims. *Gee v. Estes*, 829 F.2d 1005, 1007 (10th Cir. 1987). Further, *Martinez* Reports may be used in deciding motions for summary judgment. *See Northington v. Jackson*, 973 F.2d 1518, 1521 (10th Cir. 1992).

Therefore, to assist the Court in evaluating Mr. Power's claims in this matter, **IT IS HEREBY ORDERED** that:

1. Defendants shall prepare a *Martinez* Report addressing the claims raised in Mr. Power's *Amended Complaint*, (Doc. 15), by:
    a. Setting forth the facts needed to resolve the claims including, but not limited to: the names of any persons who dealt directly with Mr. Power regarding his complaints; whether records exist pertaining to the events alleged, and, if so, a description of those records and documents and their contents. The Report must state whether any contracts, policies, procedures, protocols, laws, or regulations address Mr. Power's requests and, if so, a description of those contracts, policies, procedures, protocols, laws, or regulations and their contents.
    b. Further setting forth the facts needed to resolve the claims including, but not limited to: the names of any persons who dealt directly with Mr. Power concerning his complaints that are the subject of his *Amended Complaint*, (Doc. 15), or who witnessed or made decisions with regard to such complaints; whether any records or documents exist pertaining to such requests and, if so, a description of those records and documents and their contents; and whether any contracts, policies, procedures, protocols, laws, or regulations address such requests and, if so, a description of those contracts, policies, procedures, protocols, laws, or regulations and their contents.
    c. Providing copies of all records and documents pertaining to the matters referred to in the foregoing sub-paragraphs a) and b), including but not

    limited to incident reports, misconduct reports, sick call slips and grievances cited by Mr. Power, and decisions made by corrections officials or Defendants in response to Mr. Power's alleged requests and grievances; and copies of any prison policies or regulations that address these situations;

    d. Providing copies of all records and documents pertaining to any interactions between Mr. Power and Defendants, including but not limited to those regarding any complaint by Mr. Power regarding the subject matter of his *Amended Complaint*, (Doc. 15);

    e. Providing affidavits in support of the Report, if necessary; and

    f. Providing a copy of the administrative grievance procedure in effect during the relevant time period in Mr. Power's complaint and copies of all records and documents pertaining to Mr. Power's exhaustion of prison administrative remedies with respect to his claims.

2. The records and documents submitted with the Report may be submitted simultaneously with the Report, but the submission of documents alone, or documents submitted with an index but without an accompanying Report, shall not be considered in compliance with this Order.

3. The Court is aware of the potential sensitivity of the materials that may be contained in corrections files and that there may be valid reasons for keeping confidential some of the contents of such files. Therefore, Defendants may redact confidential portions of the Report, or any records submitted with the Report,

provided that they also file a memorandum setting forth any objections they might have to Mr. Power being permitted to review the redacted portions of the Report, records, or documents. If Defendants do not submit such a memorandum, Mr. Power shall be permitted to review the contents of the Report and the records and documents submitted with the report. Defendants' memorandum, if any, shall be served on Mr. Power, who shall have 14 days after the date of service of the memorandum to file and serve a response to the memorandum. The Court will review Defendants' memorandum, if any, and any responses filed by Mr. Power, to determine whether the redacted portions of the Report, records, or documents should be disclosed to Mr. Power. If necessary, the Court will review the redacted portions of the Report, records, or documents *in camera* before making its determination.

4. All records and documents submitted with the Report must be submitted with an index. The index must identify each record and document submitted by number, and each record and document must be marked with a tab or label showing its number. Additionally, the Report and each record and document submitted with the report must have its pages numbered using Bates stamps, or a similar numbering system.
5. A complete copy of the Report must be filed on the case docket and served on Mr. Power.
6. Defendants shall file their *Martinez* Report on or before **May 16, 2022**.

7. Mr. Power shall file and serve his Response to the *Martinez* Report on or before **June 15, 2022**.

8. Defendants shall file and serve their Reply, if any, to Mr. Power's Response on or before **July 15, 2022**.

Because the *Martinez* Report may be used in deciding whether to grant summary judgment, the parties are urged to submit whatever materials they consider relevant to Mr. Power's claims. If Defendants intend to file motions for summary judgment, they must do so in a filing or filings other than the *Martinez Report*.

**IT IS FURTHER ORDERED** that by **March 29, 2022**, Defendants Raymond Smith, Dominic Vasquez, and Eddie Soloman shall file an answer to the *Amended Complaint*, (Doc. 15).

**IT IS SO ORDERED.**

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE