**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

DONTE POWER,

     Plaintiff,

v.                                                      No. CV 20-782 KG/CG

GEO GROUP, et al.,

     Defendants.

**ORDER GRANTING MOTION TO COMPEL**

     **THIS MATTER** is before the Court on Defendants' *Motion for Order Compelling
Plaintiff to Execute Medical Records Release Form and to Extend the Time to File
Martinez Report* (the "Motion"), (Doc. 30), filed April 25, 2022; and Plaintiff Donte
Power's *Answer to Defendants' Motion for Order Compelling Plaintiff to Execute Medical
Records Release Form and to Extend the Time to File Martinez Report,* (Doc. 31), filed
May 6, 2022. Defendants have filed no reply, and the time for doing so has now passed.
*See* D.N.M.LR-Civ. 7.4(a) ("A reply must be served and filed within fourteen (14)
calendar days after service of the response."). The Court, having considered the Motion,
the parties' briefing, and the law, finds that the Motion shall be **GRANTED**.

     Mr. Power, who is currently incarcerated at the Lea County Correctional Facility,
filed a civil rights action alleging prison officials exposed him to toxic chemicals, including
crystalline silica, during a paint-grinding project. *See* (Doc. 15). Thereafter, the Court
issued an order directing Defendants to investigate the incidents underlying Mr. Power's
claims, and to then file a *Martinez* Report. (Doc. 28). In the Motion, Defendants contend
they cannot provide an adequate *Martinez* Report without first obtaining Mr. Power's
medical records. (Doc. 30 at 1-2). Defendants have thus requested Mr. Power sign the

medical authorization form authorized by the Court's Local Rules.

Defendants argue that the form they provided to Mr. Power is identical to that prescribed by this Court's Local Rules. *See* (Doc. 30 at 2-3); (Doc. 30-1 at 2-3). They contend that Mr. Power should provide a general release for records from 2012 to present, in order to provide a comparison between his health during the five-year period prior to his alleged exposure starting in 2017, and the period after his alleged exposure began. (Doc. 30 at 2-3). They argue that this request is consistent with Local Rule 26.3 in its timeframe, and that a general release is appropriate because it would be unreasonable for a "third-party custodian responding to a request for records" to be expected to "try[] to cull from the complete chart records bearing on the claims and defenses at issue." *Id.* at 3. They further ask for an extension of the deadline for the *Martinez* Report, as "it usually takes 30-45 days for the records custodian overseeing NMCD medical records . . . to furnish those records in response to a request" and thus request that they be given "30 days from the receipt of those records" within which to file their *Martinez* Report. *Id.* at 4.

Mr. Power, in turn, contends that the form provided by Defendants does not comply with the Local Rules, and asks that the Court enter an order compelling Defendants to provide him a compliant form, and that the Court deny Defendants' request to extend the deadline for a *Martinez* report unless they agree to this. (Doc. 31 at 1). Mr. Power states that he is not opposed to "signing a medical records and mental health records release addressed to the NMCD or [its] current medical provider." *Id.* at 2. He also insists that the "relevant time period must be inserted," the "individual medical

provider name must be inserted," and the "individual firm or lawyer must be inserted." *Id.*

Mr. Power asks that "any materials that do not relate to the study of pulmonary medicine

or the mental health of plaintiff" be excluded from the release, but states he will execute

a release that is more general than the specific medical conditions at issue in the instant

case if directed to do so by this Court. *Id.*

As the Court explained in its prior order, (Doc. 28), under *Martinez v. Aaron*, 570

F.2d 317 (10th Cir. 1978), courts may order prison officials to investigate the incidents

underlying a prisoner's lawsuit and then compile and file a report. The purpose of the

*Martinez* Report is to ascertain whether there are any factual or legal bases for the

prisoner's claims. *Gee v. Estes*, 829 F.2d 1005, 1007 (10th Cir. 1987). Additionally, "[i]n

all cases in which the physical or mental medical condition of a party is an issue, the

party whose condition is an issue must make a good faith effort to produce . . . for each

healthcare provider, a signed authorization to release medical records form[.]"

D.N.M.LR-Civ. 26.3(d). The Local Rules provide for the provision of contact information

for "any healthcare provider" who has treated the party within the five years preceding

"the date of the occurrence set forth in the pleadings and continuing through the current

date." D.N.M.LR-Civ. 26.3(d)(1).

The Court finds Defendants' request for Mr. Power's medical records to be

proper. The form furnished by Defendants to Mr. Power complies with the Local Rules.

*See* (Doc. 30-1 at 2-3); D.N.M.LR-Civ., Local Form 1 at 1-3. That is, the Local Rules

contemplate the relevant time frame extending to five years prior to "the date of the

occurrence set forth in the pleadings." D.N.M.LR-Civ. 26.3(d)(1). The Local Rules also

3

require Mr. Power to provide "all records" already in his possession and to provide a general release of other medical records. D.N.M.LR-Civ. 26.3(d)(2-3); *see* D.N.M.LR-Civ., Local Form 1 at 1-2. Additionally, the form Defendants provided already included an appropriate limitation on the time frame requested, "beginning 2012 through 2022," and also included the firm to receive the protected health information, Michael S. Jahner of YLAW, P.C. (Doc. 30-1 at 2). For these reasons, the Court will compel Mr. Power to execute the subject medical authorization.

The Court agrees with Mr. Power, however, that the form was not fully filled out, as the Local Rules clearly contemplate a separate authorization "for each healthcare provider." D.N.M.LR-Civ. 26.3(d)(3). The Court will therefore direct Defendants to provide new forms. In light of the above, the Court also finds good cause to extend the deadline for the Defendants' *Martinez* Report.

**IT IS THEREFORE ORDERED** that by **June 15, 2022**, Defendants shall provide Mr. Power with a separate copy of the medical release for each provider from whom they intend to request records, with question one filled out with the name of each medical provider or organization.

**IT IS FURTHER ORDERED** that by **July 15, 2022**, Mr. Power shall provide executed general releases for all his medical records from 2012 through the current date, without limitation to any particular medical or mental condition. If Mr. Power does not provide Defendants with executed medical records releases by this date, the Court may dismiss his claims with prejudice without further notice.

**IT IS FINALLY ORDERED** that the deadline for the *Martinez* Report shall be

4

extended to **August 30, 2022.** Mr. Power shall file and serve his Response to the

*Martinez* Report on or before **September 30, 2022**. Defendants shall file and serve their

Reply, if any, to Mr. Power's Response on or before **October 30, 2022**.

      **IT IS SO ORDERED.**

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE