UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

DONTE POWER,

    Plaintiff,

v.                                                                                                 Civ. No. 20-782 KG/GJF

GEO GROUP, et al.,

    Defendants.

**ORDER DENYING PLAINTIFF'S EXTENSION REQUEST AND RESETTING BRIEFING SCHEDULE ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

THIS MATTER is before the Court on Plaintiff's Request for Extension to File Response to Defendants' Motion for Summary Judgment [ECF 75] ("Request"). The Request—postmarked February 16, 2023, and filed on February 21, 2023—asks that Plaintiff's February 21, 2023, deadline to respond to Defendants' November 18, 2022, Motion for Summary Judgment [ECF 69] be extended. *See* Request at 1–2; *see also* ECF 70 (the Court's November 29, 2022, order setting briefing schedule deadlines). Specifically, the Request asks that Plaintiff be excused from responding to Defendants' Motion for Summary Judgment until Defendants "cure [certain] deficiencies in their *Martinez* report." Request at 1–2.[1]

Based on the information provided in the Request, the Court is unable to conclude at this juncture that Plaintiff is entitled to the requested information before he responds to Defendants' Motion for Summary Judgment. The Court will therefore deny the Request and thus require a response in short order. In his response, Plaintiff is naturally free to address why—without this requested information—he apparently cannot meaningfully dispute a particular (but currently

---

[1] *See also* Request at 1 (asserting that such deficiencies "include but [are] not limited to" a failure to include such items as "all maintenance logs and work requests," "training and certification for [the four individual Defendants]," a separate *Martinez* report from an allegedly similar case (2:18cv616-JCH/GBW), and certain "inmate informal and grievances [sic]"); *id.* at 2 (suggesting that the Request should also be approved in light of Plaintiff's February 17, 2023, motion for joinder and class certification [ECF 74]).

unspecified) material factual or legal assertion raised in the summary judgment motion. Plaintiff, however, must nevertheless file a response—even though he currently desires to have more information before doing so.[2]

**IT IS THEREFORE ORDERED** that Plaintiff's Request [ECF 75] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff shall file and serve his Response to Defendants' Motion for Summary Judgment [ECF 69] no later than **March 3, 2023**. Defendants shall file and serve their Reply, if any, to Plaintiff's Response the Motion for Summary Judgment no later than **March 24, 2023**.

**SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE

---

[2] The Court cautions Plaintiff that a subsequent request via a response brief for this additional information (and for the corresponding additional time to craft a possible *further* response) might not be granted—particularly if the request is as cursory as the instant Request. And if such a request is not granted, Plaintiff's only opportunity to contest the material factual and legal issues raised in the summary judgment motion will be through the response brief. Thus, in addition to a possible subsequent request for further information, Plaintiff's response brief must *substantively* respond to the summary judgment motion.